William E. Bradley (*pro hac vice* forthcoming)
webradley@michaelbest.com
Kyle G. Hepner (*pro hac vice* forthcoming)
kghepner@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
The Wharf
1000 Main Ave. SW, Suite 400
Washington, DC 2024
Tel.: 202-747-9572

Byron E. Ma (SBN 299706) (Local Counsel)
bma@buchelaw.com
John K. Buche (SBN 239477) (Local Counsel)
jbuche@buchelaw.com
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, CA 92037
Tel.: (858) 459-9111

*Attorneys for Plaintiff*
*mate. LLC*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| mate. LLC, an Oklahoma limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Advanced Lighting Concepts, LLC d/b/a Environmental Lights, a California limited liability company.<br><br>　　　　　　Defendant. | Civil Case No. **'22 CV 1095 BEN DEB**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT OF:**<br><br>**(I)    U.S. PAT. NO. 8,525,446;**<br><br>**(II)   U.S. PAT. NO. 8,957,601;**<br><br>**(III)  U.S. PAT. NO. 9,049,759;**<br><br>**(IV)   U.S. PAT. NO. 9,078,310;**<br><br>**(V)    U.S. PAT. NO. 9,320,093; AND,**<br><br>**(VI)   U.S. PAT. NO. 9,591,713.**<br><br><br>**JURY TRIAL DEMANDED** |

- 1 -

**COMPLAINT**

Plaintiff mate. LLC ("mate" or "Plaintiff"), for its claims against Defendant Advanced Lighting Concepts, LLC d/b/a Environmental Lights ("EL" or "Defendant"), alleges as follows:

## STATEMENT OF THE CASE

This is a suit by mate against EL for a permanent injunction, actual damages, treble damages, compensatory damages, punitive damages, pre-judgment interest, attorneys' fees, and associated compensable costs from EL and any third-parties who may have assisted EL in the willful infringement of a family of U.S. patents owned and controlled by mate, which EL has willfully and maliciously infringed. Specifically, EL is being sued by mate as a result of its sale, offers for sale, distribution, promotion and advertisement of patented lighting products without license or permission.

## NATURE OF THE ACTION

1.    This is an action for patent infringement.

## THE PARTIES

2.    mate is an Oklahoma limited liability company having a principal place of business in Oklahoma City, OK.

3.    Upon information and belief, Advanced Lighting Concepts, LLC d/b/a Environmental Lights ("EL") is a California limited liability company having a principal place of business at 11235 W Bernardo Ct #102, San Diego, CA 92127.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement arising under the laws of the United States, U.S. Patent Act 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has subject matter jurisdiction over the claims under 28 U.S.C. §§ 1331 and 1338(a), and over the remaining state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

6.    This Court has personal jurisdiction over EL as its principal place of business is located in this judicial district at 11235 W Bernardo Ct #102, San Diego, CA 92127.    EL

- 2 -

further conducts business and has committed acts of infringement, and/or has induced acts of infringement by others in the Southern District of California and/or has contributed to infringement by others in the Southern District of California and elsewhere in the United States.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), 1391(c) and 1400(b) because, among other things, EL is subject to personal jurisdiction in the Southern District of California, maintains a regular place of business in this judicial district, has regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

8.     mate is a domestic manufacturer of high-quality, human centric lighting products for a broad range of non-residential and residential construction, industrial and utility applications.

9.     mate owns a portfolio of foundational patents related to novel low voltage drivers and controls for human centric LED lighting.

10.     mate's lighting products business includes the manufacture and sale of low voltage drivers and controls for use with human centric lighting.  In the years since inception of mate, the company has built a reputation for manufacturing and selling high quality products that represent a paradigm shift in the industry.

11.     Founded in 2018, mate began developing and manufacturing solutions for the lighting industry. mate has made substantial investment innovating and protecting their technology with a large patent portfolio to help further the field of low voltage lighting.

12.     mate began conversations with EL in 2020 in a joint interest to enter into a partnership agreement that would include both sales of mate hardware and licensing of the patent portfolio held by mate. After multiple conversations, EL artificially denied the need to license patents claiming no infringement was taking place even after reviewing detailed claim charts provided by mate for evidential proof.

**mate's Patents**

**COMPLAINT**

13.     On September 3, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,525,446 ("the '446 patent"), entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications." A true and correct copy of the '446 patent is attached hereto as Exhibit A.

14.     mate owns all rights, title, and interest in and to the '446 patent, including sole possession of all rights of recovery and the right to sue for back damages.

15.     On February 17, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,957,601 ("the '601 patent"), entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications." A true and correct copy of the '601 patent is attached hereto as Exhibit B.

16.     mate owns all rights, title, and interest in and to the '601 patent, including the sole possession of all rights of recovery and to sue for back damages.

17.     On June 2, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,049,759 ("the '759 patent"), entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications." A true and correct copy of the '759 patent is attached hereto as Exhibit C.

18.     mate owns all rights, title, and interest in and to the '759 patent, including the sole possession of all rights of recovery and to sue for back damages.

19.     On July 7, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,078,310 ("the '310 patent"), entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications." A true and correct copy of the '310 patent is attached hereto as Exhibit D.

20.     mate owns all rights, title, and interest in and to the '310 patent, including the sole possession of all rights of recovery and to sue for back damages.

21.     On April 19, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,320,093 ("the '093 patent"), entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications." A true and correct copy of the '093 patent is attached hereto as Exhibit E.

**COMPLAINT**

22. mate owns all rights, title, and interest in and to the '093 patent, including the sole possession of all rights of recovery and to sue for back damages.

23. On March 7, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,591,713 ("the '713 patent"), entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications." A true and correct copy of the '713 patent is attached hereto as Exhibit F.

24. mate owns all rights, title, and interest in and to the '713 patent, including sole possession of all rights of recovery and to sue for back damages.

25. The '446 patent, '601 patent, '759 patent, '310 patent, '093 patent, and '713 patent are collectively referred to herein as the "patents-in-suit."

26. mate acquired all rights, title, and interest to the patents-in-suit through a purchase and subsequent assignment of rights on December 17th, 2020 from E Craftsmen Corporation.

**FIRST CLAIM FOR RELIEF**

*(Federal Patent Infringement of U.S. Patent No. 8,525,446)*

27. mate realleges and incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

28. EL does not have any rights to the '446 patent.

29. At least one of an unknown number of EL products designed, manufactured, and sold by EL meets or embodies the limitations of at least one claim of the '446 patent (hereinafter, "the Accused Instrumentalities").

30. EL has infringed and continues to infringe the '446 patent.

31. The Accused Instrumentalities meet the claims of the '446 patent, including, by way of example and not limitation, claim 21 of the '446 patent. A claim chart demonstrating the infringement of this claim in attached as Exhibit G.

32. EL makes, uses, offers to sell, sells and/or imports the Accused Instrumentalities within the United States (or into the U.S.) without authority or license from Plaintiff.

**COMPLAINT**

33.    EL therefore infringes the '446 patent under 35 U.S.C. § 271(a).

34.    EL has actual knowledge of the '446 patent.

35.    EL indirectly infringes the '446 patent by inducing infringement by others, such as its suppliers, installers, and end users by, for example, providing components with no other substantial non-infringing use than infringing the patent and/or instructions and specifications that lead to infringement of the patent.

36.    EL took the above actions intending to cause infringing acts by others.

37.    EL was aware of the '446 patent and knew that the others' actions, if taken, would constitute infringement of the '446 patent. Alternatively, EL believed there was a high probability that others would infringe the patent but remained willfully blind to the infringing nature of others' actions.

38.    EL therefore infringes the patent under 35 U.S.C. § 271(b).

39.    EL indirectly infringes the patent by contributing to infringement by others, such as resellers, installers, and end-user customers by providing, offering to sell, and/or selling within the United States the Accused Instrumentalities.   These Accused Instrumentalities constitute a material part of the invention claimed in the patent and are used to practice technology covered by the claims of the patent.   Not only do the Accused Instrumentalities constitute a material part of the invention, but the Accused Instrumentalities are manufactured in a manner which fundamentally encompasses the entire invention.

40.    In the above offerings to sell and/or selling, EL has known that its products are made or specifically adapted for use as an infringement of the patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.   The only practical use of the Accused Instrumentalities constitutes infringement of the patent. Alternatively, EL believed that there was a high probability that others would infringe the patent-in-suit but remained willfully blind to the infringing nature of others' actions.

41.    EL therefore infringes the patent under 35 U.S.C. § 271(c).

42.    EL has committed and continues to commit acts of infringement under 35 U.S.C. § 271.   In committing these acts of infringement, EL's behavior has been egregious.

**COMPLAINT**

43.    EL's infringement of the patent-in-suit has been and continues to be willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, and/or flagrant.

44.    EL's acts of infringement have caused damage to Plaintiff.  Plaintiff is entitled to recover from EL the damages sustained by Plaintiff as a result of EL's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of EL have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

45.    To the extent EL releases any new version of the Accused Instrumentalities, such instrumentalities will meet the claims of the patent and infringe the patent under 35 U.S.C. §§ 271(a)-(c) in ways analogous to EL's current infringement described above.

46.    EL's unlawful actions have caused and are continuing to cause irreparable damage to mate.

47.    By reason of the foregoing, mate is being damaged by EL's willful activities and will continue to be damaged unless EL is otherwise enjoined.

48.    mate has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

*(Federal Patent Infringement of U.S. Patent No. 8,957,601)*

49.    mate realleges and incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

50.    EL does not have any rights to the '601 patent.

51.    At least one of an unknown number of EL products designed, manufactured, and sold by EL meets or embodies the limitations of at least one claim of the '601 patent (hereinafter, "the Accused Instrumentalities").

52.    EL has infringed and continues to infringe the '601 patent.

53.    The Accused Instrumentalities meet the claims of the '601 patent, including, by way of example and not limitation, claim 1 of the '601 patent.  A claim chart demonstrating the infringement of this claim in attached as Exhibit H.

**COMPLAINT**

54.     EL makes, uses, offers to sell, sells and/or imports the Accused Instrumentalities within the United States (or into the U.S.) without authority or license from Plaintiff.

55.     EL therefore infringes the '601 patent under 35 U.S.C. § 271(a).

56.     EL has actual knowledge of the '601 patent.

57.     EL indirectly infringes the '601 patent by inducing infringement by others, such as its suppliers, installers, and end users by, for example, providing components with no other substantial non-infringing use than infringing the patent and/or instructions and specifications that lead to infringement of the patent.

58.     EL took the above actions intending to cause infringing acts by others.

59.     EL was aware of the '601 patent and knew that the others' actions, if taken, would constitute infringement of the '601 patent. Alternatively, EL believed there was a high probability that others would infringe the patent but remained willfully blind to the infringing nature of others' actions.

60.     EL therefore infringes the patent under 35 U.S.C. § 271(b).

61.     EL indirectly infringes the patent by contributing to infringement by others, such as resellers, installers, and end-user customers by providing, offering to sell, and/or selling within the United States the Accused Instrumentalities.   These Accused Instrumentalities constitute a material part of the invention claimed in the patent and are used to practice technology covered by the claims of the patent.   Not only do the Accused Instrumentalities constitute a material part of the invention, but the Accused Instrumentalities are manufactured in a manner which fundamentally encompasses the entire invention.

62.     In the above offerings to sell and/or selling, EL has known that its products are made or specifically adapted for use as an infringement of the patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.   The only practical use of the Accused Instrumentalities constitutes infringement of the patent. Alternatively, EL believed that there was a high probability that others would infringe the patent-in-suit but remained willfully blind to the infringing nature of others' actions.

**COMPLAINT**

63. EL therefore infringes the patent under 35 U.S.C. § 271(c).

64. EL has committed and continues to commit acts of infringement under 35 U.S.C. § 271. In committing these acts of infringement, EL's behavior has been egregious.

65. EL's infringement of the patent-in-suit has been and continues to be willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, and/or flagrant.

66. EL's acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from EL the damages sustained by Plaintiff as a result of EL's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of EL have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

67. To the extent EL releases any new version of the Accused Instrumentalities, such instrumentalities will meet the claims of the patent and infringe the patent under 35 U.S.C. §§ 271(a)-(c) in ways analogous to EL's current infringement described above.

68. EL's unlawful actions have caused and are continuing to cause irreparable damage to mate.

69. By reason of the foregoing, mate is being damaged by EL's willful activities and will continue to be damaged unless EL is otherwise enjoined.

70. mate has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

*(Federal Patent Infringement of U.S. Patent No. 9,049,759)*

71. mate realleges and incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

72. EL does not have any rights to the '759 patent.

73. At least one of an unknown number of EL products designed, manufactured, and sold by EL meets or embodies the limitations of at least one claim of the '759 patent (hereinafter, "the Accused Instrumentalities").

74. EL has infringed and continues to infringe the '759 patent.

- 9 -

**COMPLAINT**

75.     The Accused Instrumentalities meet the claims of the '759 patent, including, by way of example and not limitation, claim 20 of the '759 patent.  A claim chart demonstrating the infringement of this claim in attached as Exhibit I.

76.     EL makes, uses, offers to sell, sells and/or imports the Accused Instrumentalities within the United States (or into the U.S.) without authority or license from Plaintiff.

77.     EL therefore infringes the '759 patent under 35 U.S.C. § 271(a).

78.     EL has actual knowledge of the '759 patent.

79.     EL indirectly infringes the '759 patent by inducing infringement by others, such as its suppliers, installers, and end users by, for example, providing components with no other substantial non-infringing use than infringing the patent and/or instructions and specifications that lead to infringement of the patent.

80.     EL took the above actions intending to cause infringing acts by others.

81.     EL was aware of the '759 patent and knew that the others' actions, if taken, would constitute infringement of the '759 patent. Alternatively, EL believed there was a high probability that others would infringe the patent but remained willfully blind to the infringing nature of others' actions.

82.     EL therefore infringes the patent under 35 U.S.C. § 271(b).

83.     EL indirectly infringes the patent by contributing to infringement by others, such as resellers, installers, and end-user customers by providing, offering to sell, and/or selling within the United States the Accused Instrumentalities.   These Accused Instrumentalities constitute a material part of the invention claimed in the patent and are used to practice technology covered by the claims of the patent.  Not only do the Accused Instrumentalities constitute a material part of the invention, but the Accused Instrumentalities are manufactured in a manner which fundamentally encompasses the entire invention.

84.     In the above offerings to sell and/or selling, EL has known that its products are made or specifically adapted for use as an infringement of the patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.   The only

**COMPLAINT**

practical use of the Accused Instrumentalities constitutes infringement of the patent. Alternatively, EL believed that there was a high probability that others would infringe the patent-in-suit but remained willfully blind to the infringing nature of others' actions.

85.   EL therefore infringes the patent under 35 U.S.C. § 271(c).

86.   EL has committed and continues to commit acts of infringement under 35 U.S.C. § 271.  In committing these acts of infringement, EL's behavior has been egregious.

87.   EL's infringement of the patent-in-suit has been and continues to be willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, and/or flagrant.

88.   EL's acts of infringement have caused damage to Plaintiff.  Plaintiff is entitled to recover from EL the damages sustained by Plaintiff as a result of EL's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of EL have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

89.   To the extent EL releases any new version of the Accused Instrumentalities, such instrumentalities will meet the claims of the patent and infringe the patent under 35 U.S.C. §§ 271(a)-(c) in ways analogous to EL's current infringement described above.

90.   EL's unlawful actions have caused and are continuing to cause irreparable damage to mate.

91.   By reason of the foregoing, mate is being damaged by EL's willful activities and will continue to be damaged unless EL is otherwise enjoined.

92.   mate has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

*(Federal Patent Infringement of U.S. Patent No. 9,078,310)*

93.   mate realleges and incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

94.   EL does not have any rights to the '310 patent.

95.   At least one of an unknown number of EL products designed, manufactured,

- 11 -

and sold by EL meets or embodies the limitations of at least one claim of the '310 patent (hereinafter, "the Accused Instrumentalities").

96.    EL has infringed and continues to infringe the '310 patent.

97.    The Accused Instrumentalities meet the claims of the '310 patent, including, by way of example and not limitation, claim 1 of the '310 patent.  A claim chart demonstrating the infringement of this claim in attached as Exhibit J.

98.    EL makes, uses, offers to sell, sells and/or imports the Accused Instrumentalities within the United States (or into the U.S.) without authority or license from Plaintiff.

99.    EL therefore infringes the '310 patent under 35 U.S.C. § 271(a).

100.    EL has actual knowledge of the '310 patent.

101.    EL indirectly infringes the '310 patent by inducing infringement by others, such as its suppliers, installers, and end users by, for example, providing components with no other substantial non-infringing use than infringing the patent and/or instructions and specifications that lead to infringement of the patent.

102.    EL took the above actions intending to cause infringing acts by others.

103.    EL was aware of the '310 patent and knew that the others' actions, if taken, would constitute infringement of the '310 patent. Alternatively, EL believed there was a high probability that others would infringe the patent but remained willfully blind to the infringing nature of others' actions.

104.    EL therefore infringes the patent under 35 U.S.C. § 271(b).

105.    EL indirectly infringes the patent by contributing to infringement by others, such as resellers, installers, and end-user customers by providing, offering to sell, and/or selling within the United States the Accused Instrumentalities.   These Accused Instrumentalities constitute a material part of the invention claimed in the patent and are used to practice technology covered by the claims of the patent.  Not only do the Accused Instrumentalities constitute a material part of the invention, but the Accused Instrumentalities are manufactured in a manner which fundamentally encompasses the entire invention.

**COMPLAINT**

106.   In the above offerings to sell and/or selling, EL has known that its products are made or specifically adapted for use as an infringement of the patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.   The only practical use of the Accused Instrumentalities constitutes infringement of the patent. Alternatively, EL believed that there was a high probability that others would infringe the patent-in-suit but remained willfully blind to the infringing nature of others' actions.

107.   EL therefore infringes the patent under 35 U.S.C. § 271(c).

108.   EL has committed and continues to commit acts of infringement under 35 U.S.C. § 271.   In committing these acts of infringement, EL's behavior has been egregious.

109.   EL's infringement of the patent-in-suit has been and continues to be willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, and/or flagrant.

110.   EL's acts of infringement have caused damage to Plaintiff.   Plaintiff is entitled to recover from EL the damages sustained by Plaintiff as a result of EL's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of EL have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

111.   To the extent EL releases any new version of the Accused Instrumentalities, such instrumentalities will meet the claims of the patent and infringe the patent under 35 U.S.C. §§ 271(a)-(c) in ways analogous to EL's current infringement described above.

112.   EL's unlawful actions have caused and are continuing to cause irreparable damage to mate.

113.   By reason of the foregoing, mate is being damaged by EL's willful activities and will continue to be damaged unless EL is otherwise enjoined.

114.   mate has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

*(Federal Patent Infringement of U.S. Patent No. 9,320,093)*

115.   mate realleges and incorporates by reference each of the allegations contained

- 13 -

**COMPLAINT**

in the previous paragraphs of this Complaint as if fully set forth herein.

116.    EL does not have any rights to the '093 patent.

117.    At least one of an unknown number of EL products designed, manufactured, and sold by EL meets or embodies the limitations of at least one claim of the '093 patent (hereinafter, "the Accused Instrumentalities").

118.    EL has infringed and continues to infringe the '093 patent.

119.    The Accused Instrumentalities meet the claims of the '093 patent, including, by way of example and not limitation, claim 1 of the '093 patent.  A claim chart demonstrating the infringement of this claim in attached as Exhibit K.

120.    EL makes, uses, offers to sell, sells and/or imports the Accused Instrumentalities within the United States (or into the U.S.) without authority or license from Plaintiff.

121.    EL therefore infringes the '093 patent under 35 U.S.C. § 271(a).

122.    EL has actual knowledge of the '093 patent.

123.    EL indirectly infringes the '093 patent by inducing infringement by others, such as its suppliers, installers, and end users by, for example, providing components with no other substantial non-infringing use than infringing the patent and/or instructions and specifications that lead to infringement of the patent.

124.    EL took the above actions intending to cause infringing acts by others.

125.    EL was aware of the '093 patent and knew that the others' actions, if taken, would constitute infringement of the '093 patent. Alternatively, EL believed there was a high probability that others would infringe the patent but remained willfully blind to the infringing nature of others' actions.

126.    EL therefore infringes the patent under 35 U.S.C. § 271(b).

127.    EL indirectly infringes the patent by contributing to infringement by others, such as resellers, installers, and end-user customers by providing, offering to sell, and/or selling within the United States the Accused Instrumentalities.    These Accused Instrumentalities constitute a material part of the invention claimed in the patent and are used

**COMPLAINT**

to practice technology covered by the claims of the patent.  Not only do the Accused Instrumentalities constitute a material part of the invention, but the Accused Instrumentalities are manufactured in a manner which fundamentally encompasses the entire invention.

128.    In the above offerings to sell and/or selling, EL has known that its products are made or specifically adapted for use as an infringement of the patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.  The only practical use of the Accused Instrumentalities constitutes infringement of the patent.  Alternatively, EL believed that there was a high probability that others would infringe the patent-in-suit but remained willfully blind to the infringing nature of others' actions.

129.    EL therefore infringes the patent under 35 U.S.C. § 271(c).

130.    EL has committed and continues to commit acts of infringement under 35 U.S.C. § 271.  In committing these acts of infringement, EL's behavior has been egregious.

131.    EL's infringement of the patent-in-suit has been and continues to be willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, and/or flagrant.

132.    EL's acts of infringement have caused damage to Plaintiff.  Plaintiff is entitled to recover from EL the damages sustained by Plaintiff as a result of EL's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of EL have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

133.    To the extent EL releases any new version of the Accused Instrumentalities, such instrumentalities will meet the claims of the patent and infringe the patent under 35 U.S.C. §§ 271(a)-(c) in ways analogous to EL's current infringement described above.

134.    EL's unlawful actions have caused and are continuing to cause irreparable damage to mate.

135.    By reason of the foregoing, mate is being damaged by EL's willful activities and will continue to be damaged unless EL is otherwise enjoined.

136.    mate has no adequate remedy at law.

**COMPLAINT**

# SIXTH CLAIM FOR RELIEF

*(Federal Patent Infringement of U.S. Patent No. 9,591,713)*

137.    mate realleges and incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

138.    EL does not have any rights to the '713 patent.

139.    At least one of an unknown number of EL products designed, manufactured, and sold by EL meets or embodies the limitations of at least one claim of the '713 patent (hereinafter, "the Accused Instrumentalities").

140.    EL has infringed and continues to infringe the '713 patent.

141.    The Accused Instrumentalities meet the claims of the '713 patent, including, by way of example and not limitation, claim 1 of the '713 patent.  A claim chart demonstrating the infringement of this claim in attached as Exhibit L.

142.    EL makes, uses, offers to sell, sells and/or imports the Accused Instrumentalities within the United States (or into the U.S.) without authority or license from Plaintiff.

143.    EL therefore infringes the '713 patent under 35 U.S.C. § 271(a).

144.    EL has actual knowledge of the '713 patent.

145.    EL indirectly infringes the '713 patent by inducing infringement by others, such as its suppliers, installers, and end users by, for example, providing components with no other substantial non-infringing use than infringing the patent and/or instructions and specifications that lead to infringement of the patent.

146.    EL took the above actions intending to cause infringing acts by others.

147.    EL was aware of the '713 patent and knew that the others' actions, if taken, would constitute infringement of the '713 patent. Alternatively, EL believed there was a high probability that others would infringe the patent but remained willfully blind to the infringing nature of others' actions.

148.    EL therefore infringes the patent under 35 U.S.C. § 271(b).

149.    EL indirectly infringes the patent by contributing to infringement by others,

- 16 -

**COMPLAINT**

such as resellers, installers, and end-user customers by providing, offering to sell, and/or selling within the United States the Accused Instrumentalities. These Accused Instrumentalities constitute a material part of the invention claimed in the patent and are used to practice technology covered by the claims of the patent. Not only do the Accused Instrumentalities constitute a material part of the invention, but the Accused Instrumentalities are manufactured in a manner which fundamentally encompasses the entire invention.

150.    In the above offerings to sell and/or selling, EL has known that its products are made or specifically adapted for use as an infringement of the patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use. The only practical use of the Accused Instrumentalities constitutes infringement of the patent. Alternatively, EL believed that there was a high probability that others would infringe the patent-in-suit but remained willfully blind to the infringing nature of others' actions.

151.    EL therefore infringes the patent under 35 U.S.C. § 271(c).

152.    EL has committed and continues to commit acts of infringement under 35 U.S.C. § 271. In committing these acts of infringement, EL's behavior has been egregious.

153.    EL's infringement of the patent-in-suit has been and continues to be willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, and/or flagrant.

154.    EL's acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from EL the damages sustained by Plaintiff as a result of EL's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of EL have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

155.    To the extent EL releases any new version of the Accused Instrumentalities, such instrumentalities will meet the claims of the patent and infringe the patent under 35 U.S.C. §§ 271(a)-(c) in ways analogous to EL's current infringement described above.

156.    EL's unlawful actions have caused and are continuing to cause irreparable damage to mate.

**COMPLAINT**

157.    By reason of the foregoing, mate is being damaged by EL's willful activities and will continue to be damaged unless EL is otherwise enjoined.

158.    mate has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff mate LLC seeks the following relief:

A. Judgment in Plaintiff's favor for each cause of action recited above;

B. A judgment that Defendant has directly infringed the patents-in-suit;

C. A judgment that Defendant has induced infringement of the patents-in-suit;

D. A judgment that Defendant has contributorily infringed the patents-in-suit;

E. A preliminary and permanent injunction preventing Defendant and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and/or inducing infringement of the patents-in-suit;

F. A judgment that Defendant's infringement of mate's intellectual property rights has been willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, and/or flagrant;

G. A ruling that this case is exceptional under 35 U.S.C. § 285, and a judgment awarding to Plaintiff its attorneys' fees incurred in prosecuting this action;

H. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages as provided by 35 U.S.C. § 284;

I. A judgment and order requiring Defendant to pay Plaintiff the costs of this action (including all taxable costs and disbursements);

J. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages award;

K. In the event a permanent injunction preventing future acts of infringement is not

- 18 -

**COMPLAINT**

granted, a judgment and order awarding Plaintiff a compulsory ongoing licensing fee;

L. Plaintiff to be awarded such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues triable to a jury.

Dated: July 26, 2022

Respectfully Submitted,

BUCHE & ASSOCIATES, P.C.

By: */s/ Byron E. Ma*
Byron E. Ma (CA Bar No. 299706)
*Local Counsel*
John K. Buche (CA Bar No. 239477)
*Local Counsel*
875 Prospect St., Suite 305
La Jolla, CA 92037
Tel: 858.459.9111
bma@buchelaw.com
jbuche@buchelaw.com

William E. Bradley
*pro hac vice* forthcoming
webradley@michaelbest.com
Kyle G. Hepner
*pro hac vice* forthcoming
kghepner@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
The Wharf
1000 Main Ave. SW, Suite 400
Washington, DC 2024
Tel.: (202) 747-9572

*Attorneys for Plaintiff*
*mate. LLC*

**COMPLAINT**