Jamil N. Alibhai (admitted *pro hace vice*)
jalibhai@munsch.com
Winston Oliver Huff (admitted *pro hace vice*)
whuff@munsch.com
MUNSCH HARDT KOPF & HARR PC
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Tel.: 214-855-7508

John D. van Loben Sels (Local Counsel)
jvanlobensels@thoits.com
THOITS LAW
400 Main Street, Suite 250
Los Altos, CA 94022
Tel.: 650-327-4200

Attorneys for Defendant
Advanced Lighting Concepts, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| mate, LLC, an Oklahoma limited liability company<br>Plaintiff,<br><br>v.<br><br>Advanced Lighting Concepts, LLC d/b/a Environmental Lights, a California limited liability company<br><br>Defendant. | Civil Action No. 3:22-cv-01095-CAB-DEB<br><br>**DEFENDANT ADVANCED LIGHTING CONCEPTS LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF MATE, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Dept: 15A<br>Judge: Hon. Cathy Ann Bencivengo<br>Action Filed: July 26, 2022 |

Defendant Advanced Lighting Concepts, LLC d/b/a Environmental Lights ("EL") answers Plaintiff mate, LLC's ("mate") Complaint for Patent Infringement ("Complaint"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.  Unless expressly admitted, all of the averments by mate should be deemed denied.

## NATURE OF THE ACTION

1. EL admits that this is an action for patent infringement.

## PARTIES

2. EL admits that mate purports to be an Oklahoma limited liability company with a principal place of business in Oklahoma City, Oklahoma.  EL denies all remaining allegations of paragraph 2.

3. EL admits that it is a California limited liability company with a principal place of business at 11235 W. Bernardo Ct. #102, San Diego, CA 92127.

## JURISDICTION AND VENUE

4. EL admits that this action invokes the United States patent laws and that this Court has subject matter jurisdiction over patent law claims.  EL denies any remaining allegations in paragraph 4.

5. To the extent that the allegations of paragraph 5 set forth legal conclusions, no response is required. EL admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States. EL denies all remaining allegations of paragraph 5.

6. EL does not contest personal jurisdiction in the Southern District of California solely for the purpose of this action.  EL specifically denies that it has committed any acts of infringement within the Southern District of California, or any other District. EL denies any remaining allegations in paragraph 6.

7. EL admits that venue is proper in the Southern District of California for the purposes of this particular action. EL specifically denies that it has committed any

acts of infringement within the Southern District of California, or any other District. EL denies any remaining allegations in paragraph 7.

## FACTUAL ALLEGATIONS

8.  EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and, therefore, denies them.

9.  EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies them.

10.  EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies them.

11.  EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, denies them.

12.  EL admits that it had discussions with mate regarding a partnership agreement. EL denies any and all remaining allegations in paragraph 12.

13.  EL admits that what appears to be a copy of United States Patent No. 8,525,446 ("the '446 patent") is attached as Exhibit A to mate's Complaint. EL also admits that, on its face, the '446 patent is entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications."

14.  EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, therefore, denies them.

15.  EL admits that what appears to be a copy of United States Patent No. 8,957,601 ("the '601 patent") is attached as Exhibit B to mate's Complaint. EL also admits that, on its face, the '601 patent is entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications."

16.  EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, therefore, denies them.

17.  EL admits that what appears to be a copy of United States Patent No. 9,040,759 ("the '759 patent") is attached as Exhibit C to mate's Complaint. EL also admits that, on its face, the '759 patent is entitled "Configurable LED Driver/Dimmer

for Solid State Lighting Applications."

18. EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, therefore, denies them.

19. EL admits that what appears to be a copy of United States Patent No. 9,078,310 ("the '310 patent") is attached as Exhibit D to mate's Complaint. EL also admits that, on its face, the '310 patent is entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications."

20. EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, therefore, denies them.

21. EL admits that what appears to be a copy of United States Patent No. 9,320,093 ("the '093 patent") is attached as Exhibit E to mate's Complaint. EL also admits that, on its face, the '093 patent is entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications."

22. EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies them.

23. EL admits that what appears to be a copy of United States Patent No. 9,591,713 ("the '713 patent") is attached as Exhibit F to mate's Complaint. EL also admits that, on its face, the '713 patent is entitled "Configurable LED Driver/Dimmer for Solid State Lighting Applications."

24. EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, therefore, denies them.

25. EL admits that mate purports to allege that the '446 patent, '601 patent, '759 patent, '310 patent, '093 patent, and '713 patent are collectively referred to as the "patents-in-suit. EL denies all remaining allegations in paragraph 25.

26. EL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and, therefore, denies them.

## FIRST CLAIM FOR RELIEF

27. EL repeats, re-alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28. EL admits that mate purports to allege that EL does not have any rights to the '446 patent. EL denies any and all remaining allegations in paragraph 28.

29. EL denies the allegations in paragraph 29.

30. EL denies the allegations in paragraph 30.

31. EL denies the allegations in paragraph 31.

32. EL denies the allegations in paragraph 32.

33. To the extent that the allegations of paragraph 33 set forth legal conclusions, no response is required. EL denies any and all remaining allegations of paragraph 33.

34. To the extent that the allegations of paragraph 34 set forth legal conclusions, no response is required. EL denies any and all remaining allegations of paragraph 34.

35. To the extent that the allegations of paragraph 35 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 35.

36. EL denies the allegations in paragraph 36.

37. EL denies the allegations in paragraph 37.

38. To the extent that the allegations of paragraph 38 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 38.

39. To the extent that the allegations of paragraph 39 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 39.

40. EL denies the allegations in paragraph 40.

41. To the extent that the allegations of paragraph 41 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 41.

42. EL denies the allegations in paragraph 42.

43. EL denies the allegations in paragraph 43.

44. EL denies the allegations in paragraph 44.

45. EL denies the allegations in paragraph 45.

46. EL denies the allegations in paragraph 46.

47. EL denies the allegations in paragraph 47.

48. To the extent that the allegations of paragraph 48 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 48.

## SECOND CLAIM FOR RELIEF

49. EL repeats, re-alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

50. EL admits that mate purports to allege that EL does not have any rights to the '601 patent. EL denies any and all remaining allegations in paragraph 50.

51. EL denies the allegations in paragraph 51.

52. EL denies the allegations in paragraph 52.

53. EL denies the allegations in paragraph 53.

54. EL denies the allegations in paragraph 54.

55. To the extent that the allegations of paragraph 55 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 55.

56. To the extent that the allegations of paragraph 56 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 56.

57. To the extent that the allegations of paragraph 57 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 57.

58. EL denies the allegations in paragraph 58.

59. EL denies the allegations in paragraph 59.

60. To the extent that the allegations of paragraph 60 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 60.

61. To the extent that the allegations of paragraph 61 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 61.

62. EL denies the allegations in paragraph 62.

63. To the extent that the allegations of paragraph 63 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 63.

64. EL denies the allegations in paragraph 64.

65. EL denies the allegations in paragraph 65.

66. EL denies the allegations in paragraph 66.

67. EL denies the allegations in paragraph 67.

68. EL denies the allegations in paragraph 68.

69. EL denies the allegations in paragraph 69.

70. To the extent that the allegations of paragraph 70 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 70.

### THIRD CLAIM FOR RELIEF

71. EL repeats, re-alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

72. EL admits that mate purports to allege that EL does not have any rights

to the '759 patent. EL denies any and all remaining allegations in paragraph 72.

73. EL denies the allegations in paragraph 73.

74. EL denies the allegations in paragraph 74.

75. EL denies the allegations in paragraph 75.

76. EL denies the allegations in paragraph 76.

77. To the extent that the allegations of paragraph 77 set forth legal conclusions, no response is required. EL denies any and all remaining allegations of paragraph 77.

78. To the extent that the allegations of paragraph 78 set forth legal conclusions, no response is required. EL denies any and all remaining allegations of paragraph 78.

79. To the extent that the allegations of paragraph 79 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 79.

80. EL denies the allegations in paragraph 80.

81. EL denies the allegations in paragraph 81.

82. To the extent that the allegations of paragraph 82 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 82.

83. To the extent that the allegations of paragraph 83 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 83.

84. EL denies the allegations in paragraph 84.

85. To the extent that the allegations of paragraph 85 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 85.

86. EL denies the allegations in paragraph 86.

87. EL denies the allegations in paragraph 87.

88. EL denies the allegations in paragraph 88.

89. EL denies the allegations in paragraph 89.

90. EL denies the allegations in paragraph 90.

91. EL denies the allegations in paragraph 91.

92. To the extent that the allegations of paragraph 92 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 92.

## FOURTH CLAIM FOR RELIEF

93. EL repeats, re-alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

94. EL admits that mate purports to allege that EL does not have any rights to the '310 patent. EL denies any and all remaining allegations in paragraph 94.

95. EL denies the allegations in paragraph 95.

96. EL denies the allegations in paragraph 96.

97. EL denies the allegations in paragraph 97.

98. EL denies the allegations in paragraph 98.

99. To the extent that the allegations of paragraph 99 set forth legal conclusions, no response is required. EL denies any and all remaining allegations of paragraph 99.

100. To the extent that the allegations of paragraph 100 set forth legal conclusions, no response is required. EL denies any and all remaining allegations of paragraph 100.

101. To the extent that the allegations of paragraph 101 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 101.

102. EL denies the allegations in paragraph 102.

103. EL denies the allegations in paragraph 103.

104. To the extent that the allegations of paragraph 104 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 104.

105. To the extent that the allegations of paragraph 105 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 105.

106. EL denies the allegations in paragraph 106.

107. To the extent that the allegations of paragraph 107 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 107.

108. EL denies the allegations in paragraph 108.

109. EL denies the allegations in paragraph 109.

110. EL denies the allegations in paragraph 110.

111. EL denies the allegations in paragraph 111.

112. EL denies the allegations in paragraph 112.

113. EL denies the allegations in paragraph 113.

114. To the extent that the allegations of paragraph 114 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 114.

## FIFTH CLAIM FOR RELIEF

115. EL repeats, re-alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

116. EL admits that mate purports to allege that EL does not have any rights to the '093 patent. EL denies any and all remaining allegations in paragraph 116.

117. EL denies the allegations in paragraph 117.

118. EL denies the allegations in paragraph 118.

119. EL denies the allegations in paragraph 119.

120. EL denies the allegations in paragraph 120.

MUNSCH HARDT
KOPF & HARR, PC
500 N. AKARDT STREET
DALLAS, TX 75201

10
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT

121. To the extent that the allegations of paragraph 121 set forth legal conclusions, no response is required. EL denies any and all remaining allegations of paragraph 121.

122. To the extent that the allegations of paragraph 122 set forth legal conclusions, no response is required. EL denies any and all remaining allegations of paragraph 122.

123. To the extent that the allegations of paragraph 123 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 123.

124. EL denies the allegations in paragraph 124.

125. EL denies the allegations in paragraph 125.

126. To the extent that the allegations of paragraph 126 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 126.

127. To the extent that the allegations of paragraph 127 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 127.

128. EL denies the allegations in paragraph 128.

129. To the extent that the allegations of paragraph 129 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 129.

130. EL denies the allegations in paragraph 130.

131. EL denies the allegations in paragraph 131.

132. EL denies the allegations in paragraph 132.

133. EL denies the allegations in paragraph 133.

134. EL denies the allegations in paragraph 134.

135. EL denies the allegations in paragraph 135.

136. To the extent that the allegations of paragraph 136 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 136.

## SIXTH CLAIM FOR RELIEF

137. EL repeats, re-alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

138. EL admits that mate purports to allege that EL does not have any rights to the '713 patent. EL denies any and all remaining allegations in paragraph 138.

139. EL denies the allegations in paragraph 139.

140. EL denies the allegations in paragraph 140.

141. EL denies the allegations in paragraph 141.

142. EL denies the allegations in paragraph 142.

143. To the extent that the allegations of paragraph 143 set forth legal conclusions, no response is required. EL denies any and all remaining allegations of paragraph 143.

144. To the extent that the allegations of paragraph 144 set forth legal conclusions, no response is required. EL denies any and all remaining allegations of paragraph 144.

145. To the extent that the allegations of paragraph 145 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 145.

146. EL denies the allegations in paragraph 146.

147. EL denies the allegations in paragraph 147.

148. To the extent that the allegations of paragraph 148 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 148.

149. To the extent that the allegations of paragraph 149 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 149.

150. EL denies the allegations in paragraph 150.

151. To the extent that the allegations of paragraph 151 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 151.

152. EL denies the allegations in paragraph 152.

153. EL denies the allegations in paragraph 153.

154. EL denies the allegations in paragraph 154.

155. EL denies the allegations in paragraph 155.

156. EL denies the allegations in paragraph 156.

157. EL denies the allegations in paragraph 157.

158. To the extent that the allegations of paragraph 158 set forth legal conclusions, no response is required. EL denies any and all remaining allegations in paragraph 158.

## RESPONSE TO PRAYER FOR RELIEF

159. These paragraphs set forth the statement of the relief requested by mate to which no response is required. EL denies that mate is entitled to any of the requested relief contained in its Prayer.

## RESPONSE TO DEMAND FOR JURY TRIAL

160. mate's demand for a jury trial for all issues triable to a jury does not state any allegations, and EL is not required to respond.

## AFFIRMATIVE AND OTHER DEFENSES

EL alleges and asserts the following additional defenses in response to the allegations of mate's Complaint for Patent Infringement, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to the defenses described herein, EL specifically

reserves the right to amend, including asserting additional defenses and counterclaims that become known to it.

### FIRST DEFENSE

1. mate's Complaint for Patent Infringement fails to state a claim against EL upon which relief can be granted.

### SECOND DEFENSE

2. EL does not infringe and has not infringed any of the claims in the '446, '601, '759, '310, '093, and '713 patents under any theory of infringement.

### THIRD DEFENSE

3. Each and every claim of the 446, '601, '759, '310, '093, and '713 patents is invalid, void, and/or unenforceable for failure to meet the requirements of Title 35, United States Code, including but not limited to, Sections 101, 102, 103, and/or 112 thereof.

### FOURTH DEFENSE

4. mate is estopped from construing the claims of the 446, '601, '759, '310, '093, and '713 patents in such a way as may cover and/or include EL's products, services, or activities and/or has waived any right to do so by reason of cancellation or abandonment of claim(s), admissions, arguments, amendments, and/or representations made by or on behalf of the applicants in the proceedings before the United States Patent and Trademark Office during the prosecution of the application that resulted in the '446, '601, '759, '310, '093, and '713 patents.

### FIFTH DEFENSE

5. mate's claims against EL regarding the '446, '601, '759, '310, '093, and '713 patents are barred by the equitable doctrines of waiver, laches, estoppel, and/or unclean hands.

### SIXTH DEFENSE

6. On information and belief, mate has failed to mark or cause to be marked patented articles with the number of the asserted patent.

## SEVENTH DEFENSE

7. mate's claim for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 288.

## EIGHTH DEFENSE

8. The relief sought by mate is barred or limited by 35 U.S.C. § 287.

## NINTH DEFENSE

9. mate cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

## TENTH DEFENSE

10. mate's claims for relief are precluded in whole or in part to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to EL by (or by EL to) any entity or entities having express or implied licenses to the '446, '601, '759, '310, '093, and '713 patents, and/or under the doctrine of patent exhaustion.

## ELEVENTH DEFENSE

11. mate's claims for relief are barred in whole or in part by the reverse doctrine of equivalents.

## COUNTERCLAIMS

For its counterclaims, Defendant-Counterclaim Plaintiff EL, alleges as follows:

## NATURE OF ACTION

1. This is an action seeking declaratory judgments of non-infringement and invalidity of the '446, '601, '759, '310, '093, and '713 patents.

## PARTIES

2. Advanced Lighting Concepts, LLC d/b/a Environmental Lights ("EL"), designated herein as Defendant-Counterclaim Plaintiff is a California limited liability company with a principal place of business at 11235 W. Bernardo Ct. #102, San Diego, CA 92127.

3. In its Complaint, mate, designated herein as Plaintiff-Counterclaim

Defendant, avers that it is an Oklahoma limited liability company with a principal place of business in Oklahoma City, Oklahoma.

## JURISDICTION AND VENUE

4. If the Court has subject matter jurisdiction over the underlying patent infringement action, subject matter jurisdiction also exists for Defendant-Counterclaim Plaintiff EL's counterclaims for declaratory judgment under 28 U.S.C. § 1338(a), brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. mate has submitted to personal jurisdiction in this Court through the filing of its Complaint against Defendant-Counterclaim Plaintiff EL.

6. To the extent venue is proper in the underlying patent infringement action, venue is proper here as to these Counterclaims under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b).

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '446, '601, '759, '310, '093, and '713 PATENTS)

7. Defendant-Counterclaim Plaintiff EL realleges and reincorporates herein by reference the allegations in Paragraphs 1-6 above.

8. In its Complaint, mate avers that Defendant-Counterclaim Plaintiff EL infringes the '446, '601, '759, '310, '093, and '713 patents.

9. Defendant-Counterclaim Plaintiff EL does not infringe and has not infringed any claims of the '446, '601, '759, '310, '093, and '713 patents under any theory of infringement.

10. Accordingly, there exists an actual and justiciable controversy between mate and Defendant-Counterclaim Plaintiff EL with respect to infringement of the '446, '601, '759, '310, '093, and '713 patents.

11. Defendant-Counterclaim Plaintiff EL hereby seeks entry of a declaratory judgment that it does not infringe and has not infringed any claim of the '446, '601,

'759, '310, '093, and '713 patents.

## SECOND COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '446, '601, '759, '310, '093, and '713 PATENTS)

12. Defendant-Counterclaim Plaintiff EL realleges and reincorporates herein by reference the allegations in Paragraphs 1-11 above.

13. In its Complaint, Counter-Defendant EL alleges that the claims of the '446, '601, '759, '310, '093, and '713 patents are valid and enforceable.

14. The claims of the 446, '601, '759, '310, '093, and '713 patents are void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

15. Accordingly, there exists an actual and justiciable controversy between mate and Defendant-Counterclaim Plaintiff EL with respect to validity and enforceability of the '446, '601, '759, '310, '093, and '713 patents.

16. Defendant-Counterclaim Plaintiff EL hereby seeks entry of a declaratory judgment that the claims of the '446, '601, '759, '310, '093, and '713 patents are invalid and/or unenforceable.

## PRAYER FOR RELIEF

Wherefore, Defendant-Counterclaim Plaintiff EL prays that this Court enters judgment:

a) For dismissal of mate's Complaint with prejudice;

b) That the claims of the 446, '601, '759, '310, '093, and '713 patents are invalid and/or unenforceable;

c) That Defendant-Counterclaim Plaintiff EL does not infringe and has not infringed any claim of the '446, '601, '759, '310, '093, and '713 patents and that mate take nothing by its Complaint;

d) That this is an exceptional case, and awarding to Defendant-

Counterclaim Plaintiff EL of its reasonable attorney fees under 35 U.S.C. § 285;

  e) For an award of all costs of suit by Defendant-Counterclaim Plaintiff EL in this action; and

  f) For all such other and further relief as this Court deems just and equitable.

Dated: October 28, 2022    Respectfully submitted,

By: /s/ *Winston O. Huff*
John D. van Loben Sels
CASBN 201354
jvanlobensels@thoits.com

**THOITS LAW**
400 Main Street, Suite 250
Los Altos, CA 94022
Tel.:  650-327-4200

Jamil N. Alibhai (admitted *pro hac vice*)
jalibhai@munsch.com
Winston O. Huff (admitted *pro hac vice*)
whuff@munsch.com

**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR DEFENDANT ADVANCED LIGHTING CONCEPTS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2022, I electronically filed the following documents with the Clerk of the Court for the United States District Court, Southern District of California by using the CM/ECF system:

1. EL Concepts LLC's Answer and Counterclaims to mate LLC's Complaint for Patent Infringement.

The participants listed below in the case who are "active" registered CM/ECF users will be served by the CM/ECF system:

Byron E. Ma
bma@buchelaw.com
John K. Buche
jbuche@buchelaw.com
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, CA 92037
Tel.: (858) 459-9111

Shane Brunner
sabrunner@michaelbest.com
Kyle G. Hepner
kghepner@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
The Wharf
1000 Main Ave. SW, Suite 400
Washington, DC 2024
Tel.: 202-747-9572

Dated: October 28, 2022         /s/ Winston O. Huff
                                Winston O. Huff