UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| mate, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>Advanced Lighting Concepts, LLC, d/b/a Environmental Lights,<br><br>                              Defendant. | Case No.: 22-CV-1095-CAB-DEB<br><br>**ORDER GRANTING MOTION TO STAY PENDING INTER PARTES REVIEW**<br><br>[Doc. Nos. 61, 76] |

This matter is before the Court on Defendant's motion to stay this patent infringement case during the pendency of Inter Partes Review ("IPR") petitions filed by Defendant concerning claims in each of the six patents at issue in this case. Plaintiff opposes the motion, and the Court finds it suitable for determination on the papers submitted and without oral argument. Having considered the submissions of the parties,[1] the motion is **GRANTED**.

### I. Background

On July 26, 2022, Plaintiff mate, LLC, filed a complaint against Defendant Advanced Lighting Concepts, LLC, alleging infringement of six U.S. patents. On March 22, 2023, Magistrate Judge Butcher issued a case management order setting a claim construction hearing for November 7, 2023. [Doc. No. 35.] The parties have filed their

---

[1] Plaintiff's motion for leave to file a sur-reply [Doc. No. 76] is **GRANTED**. The Court considered Plaintiff's proposed sur-reply [Doc. No. 76-2] in connection with this opinion.

1

claim construction briefs and responses. The fact discovery deadline is not until March 15, 2023, and the deadline for completion of all discovery is June 7, 2024.

On August 31, 2023, Defendant filed the instant motion to stay this case pending resolution of six IPR petitions it filed on August 3 and 4, 2023, challenging the validity of each of the six patents at issue. Based on the timing of the IPR filings, a decision by the Patent Trial and Appeal Board ("PTAB") on whether to institute the IPRs should come no later than February 2024, and, if the PTAB institutes IPR, its final decision would come approximately twelve months later.

## II.  Discussion

Courts have inherent power to manage their dockets and stay proceedings. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "The moving party bears the burden of demonstrating that a stay is appropriate." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015). Courts generally consider three factors in determining whether to impose a stay pending parallel proceedings before the Patent Trial and Appeal Board ("PTAB"): "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *TAS Energy, Inc., v. San Diego Gas & Elec. Co.*, No. 12cv2777-GPC(BGS), 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014). Judicial consideration is not limited to these factors, but rather can include a review of the totality of the circumstances. *See Murata Mach. USA v. Daifuku Co*., 830 F.3d 1357, 1362 (Fed. Cir. 2016) ("Attendant to the district court's inherent power to stay proceedings is the court's discretionary prerogative to balance considerations beyond those captured by the three-factor stay test."). A court's consideration of a motion to stay should be guided by "the liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc*., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

Each of the above factors supports a stay here.  First, contrary to Plaintiff's contention in its opposition, this case is not in an advanced stage.  The Court has yet to construe the claims, and many months remain before discovery is complete.  Second, notwithstanding the fact that Defendant's IPR petitions do not challenge the validity of all of the asserted claims, if IPR is instituted, resolution by the PTAB would likely simplify the issues before the Court and potentially streamline this case. *See LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014) (rejecting Plaintiff's argument that "simplification will not happen here because, no matter what, some claims will survive the PTAB review and this lawsuit will continue," and holding that "the standard is simplification of the district court case, not complete elimination of it by the PTAB").  Finally, even if Plaintiff is correct that the chances of the PTAB even instituting IPR on any of the patents is low, such a short delay until February 2024 (when the PTAB is expected to issue its decision on whether to institute IPR) will not unduly prejudice Plaintiff.  If the PTAB declines to institute IPR on any of the patents, this case will be ready for the claim construction hearing and can proceed without further delay.

### III. Conclusion

For the foregoing reasons, a stay of this litigation pending the PTAB's decision on whether to institute IPR on the each of the six patents at issue is justified.  Accordingly, it is hereby **ORDERED** that the motion to stay is **GRANTED**, and this case is **STAYED**. All unexpired case management deadlines are **VACATED**.  The parties shall provide notice to the Court within five days of the PTAB's decision(s) on whether to institute IPR on any of the patents.

It is **SO ORDERED**.

Dated: October 10, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge